UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENDURANCE AMERICAN
SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.                                            Case No. 6:18-cv-2154-Orl-37GJK

L. PELLINEN CONSTRUCTION, INC.;
MATTAMY HOMES CORPORATION;
MATTAMY ORLANDO, LLC; and
MATTAMY FLORIDA, LLC,

    Defendants.
_____

**ORDER**

Defendants Mattamy Homes Corporation, Mattamy Orlando LLC, and Mattamy Florida LLC (collectively, "**Mattamy**") move the Court to abstain from exercising jurisdiction over Plaintiff's declaratory judgment action and dismiss it. (Doc. 41 ("**Motion**").) Plaintiff responded. (Doc. 45.) On review, the Motion is due to be denied.

**I.    BACKGROUND**

This declaratory judgment action stems from a lawsuit in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida ("**State Court Action**"). *See Granite State Ins. Co.* v. *L. Pellinen Constr., Inc., et al.*, No. 2017-CA-011094-O (Fla. Cir. Ct. 2017). Mattamy owned and operated a development project involving the construction of a residential home in Kissimmee, Florida. (Doc. 39, pp. 19, 21, ¶¶ 21–26, 38–39.) L. Pellinen Construction ("**Pellinen**") was the general contractor for the project and

managed the construction and framing of the home. (*Id.* at 21–22, ¶ 40.) Pellinen subcontracted with Hasan Heosig, Inc. ("**Hasan**") to complete the work. (*Id.* at 23, ¶ 47.)

On December 22, 2016, Hasan employee Esdras Isaias Ambrocio's stood on a wooden truss to frame the roof of the home when, without warning, the truss splintered and broke, causing him to fall almost twenty feet and strike his head on a concrete slab below ("**Accident**"). (*Id.* at 23, ¶¶ 48–51.) Mr. Ambrocio suffered "catastrophic and life devastating injuries." (*Id.* at 23–24, ¶ 52.) Following the Accident, Hasan's workers' compensation carrier, Granite State Insurance Company ("**Granite**"), paid Mr. Ambrocio benefits over $800,000 for his past and present medical and life care needs. (*Id.* at 25–26, ¶¶ 60–61.) Seeking to recover for the benefits paid to Mr. Ambrocio, Granite initiated the State Court Action, asserting a single count of negligence against Pellinen and Mattamy and several counts of negligence and strict liability against other entities that purportedly manufactured or supplied the wooden truss. (*Id.* at 26–44, ¶¶ 62–145.)

This suit followed years later. Pellinen, the general contractor, had a commercial general liability insurance policy ("**Policy**") from Plaintiff Endurance American Specialty Insurance Company ("**Endurance**"), which it acquired before the Accident. (*Id.* at 6, ¶ 25.) After the State Court Action arose, Endurance sued Pellinen and Mattamy in federal court, requesting the Court declare Endurance has no duty to defend or indemnify Pellinen, Mattamy, or any other party in the State Court Action due to exclusions in the Policy that preclude coverage ("**Declaratory Judgment Action**"). (*Id.* at 9–13, ¶¶ 27– 51.)

Mattamy now moves the Court to abstain from exercising jurisdiction and dismiss the Declaratory Judgment Action in favor of the pending State Court Action. (Doc. 41.)

With Plaintiff's response (Doc. 45), the matter is ripe.

## II. LEGAL STANDARDS

The Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). It is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)). With this discretion, the Supreme Court has stated that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. District courts must determine "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id*. District courts may "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982).

Consistent with these precepts and "considerations of federalism, efficiency, and comity," the U.S. Court of Appeals for the Eleventh Circuit set forth a non-exhaustive list of factors for district courts to consider when determining whether to exercise jurisdiction

over a declaratory action when parallel state proceedings are pending:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purposes of 'procedural fencing'—that is, to provide an arena for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331. This "list is neither absolute nor is any one factor controlling; these are merely guideposts." *Id.*; *see also First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 866 (2016)[1] (per curiam) (noting that "not every factor will be relevant in every case"). "In the declaratory judgment context, the normal principle

---

[1] While unpublished opinions are not binding precedent, they may be considered persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

### III. ANALYSIS

Mattamy argues the Court should abstain from exercising jurisdiction over the Declaratory Judgment Action because it is "sufficiently parallel" to the State Court Action and the *Ameritas* factors warrant abstention and dismissal. (Doc. 41, pp. 4–9.) Specifically, the actions involve the same construction-site injury, state law considerations predominate, and the State Court Action "is capable of fully resolving all the issues in this dispute." (*Id.* at 1–2.) Endurance counters that the Court need not consider the *Ameritas* factors because the State Court Action isn't parallel to the Declaratory Judgment Action and, even if it was, the *Ameritas* factors don't warrant abstention here. (Doc. 45, pp. 8–12.) On review, the Court will exercise jurisdiction over the Declaratory Judgment Action.

The Court starts with whether the State Court Action and Declaratory Judgment are parallel for abstention purposes. A parallel proceeding is one "involving substantially the same parties and substantially the same issues." *First Mercury Ins. Co.*, 648 F. App'x at 866 (citing *Ambrosia Coal & Const. Co. v. Pagés Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)). Here, both the parties and issues are different. For the parties, Pellinen and Mattamy are defendants in both actions, but Endurance is not a party to the State Court Action and Granite, the workers' compensation carrier, is not a party to this action. And multiple subcontractors are named as defendants in the State Court Action who are not parties here. For the issues, the State Court Action centers on Mattamy's and Pellinen's

liability for Mr. Ambrocio's injuries and the compensatory damages owed to Granite. But the Declaratory Judgment Action is about whether Endurance must defend or indemnify Pellinen or Mattamy in the State Court Action based on Policy exclusions. This coverage issue is not raised or addressed in the State Court Action. Thus, the actions are not parallel.[2] *See, e.g.*, *Westfield Ins. Co. v. Midway Servs., Inc.*, No. 6:13-cv-1416-Orl-36GJK, 2014 WL 12613401, at *3 (M.D. Fla. June 25, 2014) (finding no parallel proceedings when the insurer was not a party to the state court action and the federal declaratory judgment action dealt strictly with coverage issues not raised in the state court action); *Southern-Owners Ins. Co. v. Automated Pure Water, Inc.*, No. 9:17-cv-80120-MIDDLEBROOKS, 2017 WL 5956840, at *2 (S.D. Fla. May 17, 2017) (same).

But contrary to Endurance's suggestion, that does not the end the inquiry. (*See* Doc. 45, pp. 8–12.) Although some courts have found no need to consider the *Ameritas* factors absent a determination that the proceedings are parallel, *see, e.g.*, *Westfield Ins. Co.*, 2014 WL 12613401, at *2 (citing cases), the Eleventh Circuit has "never held that the *Ameritas* factors apply only when reviewing parallel actions." *First Mercury Ins. Co.*, 648 F. App'x at 866. "[N]othing in the Declaratory Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares

---

[2] Another case framed the parallel-proceedings analysis like this: "the courts' concern is not whether the parties are identical but whether, if the federal court abstains from hearing the case, the parties involved in the federal case will have another forum in which they can adjudicate their dispute." *United Specialty Ins. Co. v. Pulte Home Corp.*, No. 6:17-cv-467-Orl-41TBS, 2018 WL 3827640, at *2 (M.D. Fla. Mar. 28, 2018) (citations omitted). The same result follows. As Endurance isn't a party to the State Court Action and the coverage issues in the Declaratory Judgment Action aren't present there, the parties here wouldn't have another forum to adjudicate their coverage dispute.

substantially the same parties and issues." *Id*. Instead, "the district court must weigh all relevant factors . . . even [when] the state and federal actions [are] not parallel." *Id*. (citing *Ameritas*, 411 F.3d at 1331). The Court turns to the *Ameritas* factors.

On balance—particularly given the unparallel nature of the proceedings—abstention is unwarranted. It's true that some factors favor abstention or are neutral. The factual and legal issues in the Declaratory Judgment Action involve matters of state law only, so the state court has a strong interest in deciding these issues and a close nexus exists between the issues and state law and public policy, favoring abstention. *See Amerisure Mut. Ins. Co. v. Plantation Key Office Park,* LLLP, No. 11-60136-CIV, 2011 WL 2436693, at *5, *7 (S.D. Fla. June 14, 2011); *United Specialty Ins. Co. v. Pulte Home Corp.*, No. 6:17-cv-467-Orl-41TBS, 2018 WL 32827640, at *3 (M.D. Fla. Mar. 28, 2018) (noting that "courts generally find that disputes concerning the interpretation of an insurance policy under state law weigh heavily in favor of abstension [sic]."). The state court may be in a better position to evaluate some of the underlying factual issues important to resolve the Declaratory Judgment Action, but only some factual issues here are present in the State Court Action and this Court can effectively resolve the disputes too, making these factors either neutral or slightly for abstention. *See United Specialty Ins. Co.*, 2018 WL 32827640, at *3 (finding factor seven is neutral when it's unclear how important factual issues will be in making the coverage determination and factor eight slightly favors abstention when "neither court has a particular advantage in evaluating the factual issues"). And neither the State Court Action nor the Declaratory Judgment Action would settle the entire controversy as the parties and issues differ, so this factor is neutral. *Cf. id.* at *3 (finding

this factor neutral when both actions would settle the controversy).

But the remaining *Ameritas* factors weigh strongly against abstention largely because Endurance and the coverage issues in the Declaratory Judgment Action are not present in the State Court Action. *See Essex Ins. Co. v. Foley*, No. 10-0511-WS-M, 2011 WL 290423, at *2–3 (S.D. Ala. Jan. 27, 2011) (noting that "the absence of parallel proceedings is a substantial factor" weighing against abstention). The Declaratory Judgment Action will serve a useful purpose because it will clarify the legal relations between the parties—particularly as to Endurance who isn't part of the State Court Action—for the coverage issues and may facilitate resolution of the State Court Action. *See Southern-Owners Ins. Co.*, 2017 WL 5956840, at *3; *Essex Ins. Co.*, 2011 WL 290423, at *3. No evidence or argument exists that Endurance is engaged in procedural fencing by bringing the Declaratory Judgment Action. *See Southern-Owners Ins. Co.*, 2017 WL 5956840, at *3; *Essex Ins. Co.*, 2011 WL 290423, at *3. The Declaratory Judgment Action would not encroach on the state court's jurisdiction or increase friction between state and federal courts because the legal issues in the Declaratory Judgment Action and State Court Action differ. *Essex Ins. Co.*, 2011 WL 290423, at *3. And there is no better or more effective remedy as the coverage issues in the Declaratory Judgment Action are not raised in the State Court Action, leaving this as the only forum addressing this dispute. *See id.* Given these factors and the lack of parallel proceedings, the *Ameritas* factors ultimately don't support abstention. *See id.* at *2–3; *Southern-Owners Ins. Co.*, 2017 WL 5956840, at *2–3 (denying a motion to abstain and dismiss in part because "there is [not] another state court action 'presenting the same issues . . . between the same parties' to justify dismissal of this action" and

finding the *Ameritas* factors didn't warrant abstention (quoting *Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000))).

Mattamy's reliance on *Mid-Continent Casualty Co. v. Northstar Homebuilders, Inc.*, 297 F. Supp. 3d 1329 (S.D. Fla. 2018), to argue the *Ameritas* factors support abstention is unavailing. (*See* Doc. 41, p. 8.) In *Mid-Continent Casualty Co.* an insurer filed a declaratory judgment action regarding the scope of its duty to defend and indemnify against a state court action arising from an individual's fall from a roof while working at a residential construction site. 297 F. Supp. 3d at 1331. Although similar to this action, *Mid-Continent Casualty Co.* differs in one primary way. There, a summary judgment order in the state court action indirectly resolved the coverage issues in the federal declaratory judgment action. *Id.* at 1336. This distinction is not without a difference. As the state court had decided the issues, the second, fourth, fifth, and eighth *Ameritas* factors weighed strongly for abstention—the "sole purpose in filing this action is to attempt to circumvent the state court's prior ruling, which not only constitutes improper fencing, but would produce the very frictions between the functioning of the state and federal courts the Eleventh Circuit warned must be avoided." *Id.* at 1336–37 (internal quotation marks and citations omitted). But here the State Court Action has not (and cannot) address the issues in the Declaratory Judgment Action, so the *Ameritas* factors don't yield the same result.[3]

---

[3] The same is true for Mattamy's reliance on *United Specialty Insurance Co.* (Doc. 41, p. 8.) Again, although similar to this case, an important difference exists: there the parties and issues in the federal declaratory action were all present in the state court action. *Id.* at *1, *3. So the court found the actions were parallel and, on balance of the *Ameritas* factors, abstention was warranted in part because the state court action could dispose of the entire controversy between the parties *Id.* at *2–4. Not so here where Endurance is not

What's more, given the nature of the Declaratory Judgment Action and State Court Action, the policy considerations undergirding judicial abstention under *Wilton*, *Brillhart*, and *Amertias* aren't implicated here. Although overlapping facts exist in the Declaratory Judgment Action and State Court Action, the differing parties and issues make the federalism, comity, efficiency concerns irrelevant. *See Essex Ins. Co.*, 2011 WL 290423, at *3 (noting that absent parallel proceedings, "the interests of federalism, comity and efficiency on which *Wilton/Brillhart* abstention are founded are not directly implicated"). The same is true for concerns of gratuitous interference with state court litigation, tensions between state and federal courts, the waste of judicial or party resources, and practicality and wise judicial administration. *See id.*; *see also Northland Ins. Co. v. Top Rank Trucking of Kissimmee, Inc.*, 823 F. Supp. 2d 1293, 1296 (M.D. Fla. 2011) (exercising jurisdiction over a similar case and noting that "the federal-state interests discussed in *Roach* and concern for uneconomical and vexatious litigation from *Brillhart* are not relevant"). Unlike in *Ameritas*, if the Court abstained from jurisdiction over the Declaratory Judgment Action, there would be no other proceeding that would resolve— or even address—the controversy here. *Cf. Ameritas*, 411 F.3d at 1332; *Ven-Fuel, Inc. v. Dep't of Treasury*, 673 F.2d 1194, 1195 (11th Cir.1982) (noting abstention may be appropriate "when a pending proceeding in another court will *fully resolve* the controversy between the parties." (emphasis added)). So abstention is unwarranted.

As the State Court Action is not parallel and the balance of the *Ameritas* factors

---

party to the State Court Action and the coverage issues in the Declaratory Judgment Action are not present in the State Court Action.

doesn't support abstention, the Court will exercise jurisdiction over the Declaratory Judgment Action. *See Essex Ins. Co.*, 2011 WL 290423, at *2–3 (concluding that the *Ameritas* factors didn't warrant dismissal where the federal action sought a declaration as to coverage and the underlying state court action sought to establish liability the insured's liability for negligence); *see also Northland Ins. Co.*, 823 F. Supp. 2d at 1296 (citing similar cases where courts allowed the declaratory judgment actions to proceed). The Motion is denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants Mattamy Homes Corporation, Mattamy Orlando LLC, and Mattamy Florida LLC F/K/A Mattamy (Jacksonville) Partnership's Motion to Abstain and Dismiss the Second Amended Complaint for Declaratory Relief (Doc. 41) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 7, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record